IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charlie Bells, Jr., Petitioner, v. James C. Holland, Respondent. | ) | C/A No. 0:15-4328-RBH-PJG **REPORT AND RECOMMENDATION** |

The petitioner, Charlie Bells, Jr., a self-represented prisoner confined at United States Penitentiary ("USP") McCreary in Kentucky, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges the validity of his federal conviction and sentence based on allegedly newly discovered evidence.[1] (ECF No. 1 at 2.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction.

## I. Factual and Procedural Background

Petitioner indicates that he was sentenced in this court on January 7, 2010. (ECF No. 1 at 1.) The docket in Petitioner's criminal case reflects a 235-month sentence imposed after a guilty plea to a controlled substance offence in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). See

[1] Petitioner does not allege a firearm conviction under 18 U.S.C. § 922(g), or a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Therefore, the United States Supreme Court's recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015) (finding the residual clause of the ACCA unconstitutionally vague), is not applicable to the instant case.





United States v. Bells, C/A No. 3:08-cr-1264-JFA-1 (D.S.C. Jan. 7, 2010) (judgment entered at ECF No. 73).[2]

Petitioner indicates that he filed a direct appeal on January 14, 2010, which the United States Court of Appeals for the Fourth Circuit dismissed. (ECF No. 1 at 2; see also Bells, C/A No. 3:08-cr-1264-JFA-1 at ECF No. 88.) Petitioner further indicates that he filed motions in 2012 to reduce his sentence and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the sentencing court denied. (ECF No. 1 at 3-4; see also Bells, C/A No. 3:08-cr-1264-JFA-1 at ECF Nos. 99, 103, 108, 117.) The Fourth Circuit dismissed Petitioner's appeal of the sentencing court's denial of § 2255 relief. See Bells, C/A No. 3:08-cr-1264-JFA-1 at ECF No. 131. Petitioner filed another motion to reduce his sentence in September 2015, which the sentencing court also denied. (ECF No. 1 at 5; see also Bells, C/A No. 3:08-cr-1264-JFA-1 at ECF Nos. 156, 157.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[3] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949).

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).





Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Analysis**

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the



PJG

"person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (internal quotation marks and citation omitted) (emphasis in original). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 442-43 (internal quotation marks and citation omitted); see also United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian.").

In Rumsfeld, the Supreme Court, interpreting the "within their respective jurisdiction" language in § 2241(a), stated that the word "jurisdiction" was not used "in the sense of subject-matter jurisdiction of the District Court." 542 U.S. at 434 n.7. The Supreme Court has not clarified the exact nature of the "jurisdiction" restriction in § 2241 and the United States Court of Appeals for the Fourth Circuit has declined to resolve whether the language in § 2241(a) presents an issue material to jurisdiction or venue. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (concluding only that the phrase "identifies the proper location of the federal district in which a habeas petition should be filed"). In the present case, Petitioner is confined in Kentucky. Therefore, Petitioner failed to file the instant § 2241 petition in the proper district court. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (holding that "[j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court"). As such, the Petition is recommended for summary dismissal.



PJG

Further, even if Petitioner's confinement outside this district did not deprive this court of jurisdiction, the court lacks jurisdiction for an entirely separate reason. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[4]

[4] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 1 at 4.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same). Moreover, before filing a successive § 2255 motion, Petitioner would have to obtain leave from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3)(A).





The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)). In this case, Petitioner challenges his federal conviction and sentence, but provides no factual allegations to plausibly suggest that such conduct has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Thus, Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241 and this court lacks jurisdiction to consider the Petition in this action. Id. at 268.

Finally, the court observes that, "[b]efore a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Petitioner gives no indication that he has



PJG

obtained such leave from the United States Court of Appeals for the Fourth Circuit. Accordingly, construing the instant Petition as a § 2255 motion would be unavailing for the Petitioner.

## II. Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

November 13, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).